IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTIE A. TURNER, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO: 3:06cv567 |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Comes now the defendant, Life Investors Insurance Company of America (hereinafter "Life Investors"), and herein removes this action pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446, as amended, to this Honorable Court and shows unto this Court as follows:

**A.      THE NOTICE OF REMOVAL IS TIMELY FILED.**

Plaintiffs filed this civil action on May 23, 2006, in the Circuit Court for Randolph County, Alabama, being Civil Action No. CV-06-080. The named defendant is Life Investors Insurance Company of America ("Life Investors"). Defendant Life Investors was served with the Summons and Complaint on May 30, 2006. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after receipt of the defendant through service of process of a copy of the initial pleading setting forth the claims for relief upon which this action or proceeding is based. Attached hereto as Exhibit "A" is a copy of the initial pleading setting forth the claims for relief upon which this action or proceeding is based, as well as a true copy of all process, pleadings and orders served upon Defendant Life Investors in this action.

**B.      THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES.**

Diversity of citizenship exists between the parties in this case and accordingly, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446, as amended, this case is removed to this Court. Plaintiff

is a citizen of the State of Alabama and resides in Randolph County, Alabama. See Exhibit A (Complaint, at ¶ 1). Life Investors is a corporation organized under the laws of the State of Iowa with its principal place of business in Cedar Rapids, Iowa and it is a citizen of the State of Iowa. As such, there is complete diversity of citizenship between the Plaintiff, a citizen of the State of Alabama, and Defendant Life Investors, a citizen of the State of Iowa.

**C.     THE $75,000.00 AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.**

Plaintiffs' Complaint contains two counts, each of which contains its own *ad damnum* clause. In Count One, Plaintiff claims her contract with Defendant was breached and claims damages for charges and expenses related to her treatment of cancer with the drug Neulasta and "mental anguish and emotional distress." In Count Two, Plaintiff claims Defendant has acted in bad faith and seeks damages related to the charges for her treatment with Neulasta, damages for "mental anguish and mental distress" and punitive damages.

The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs. Although Plaintiff does not allege a specific monetary amount for damages in the Complaint, such artful pleading does not prevent removal.

Plaintiff's claim for punitive damages based on her allegation of bad faith clearly establishes that the threshold requirement has been exceeded. In Steele v. Underwriters Adjusting Co., 649 F.Supp. 1414 (M.D.Ala. 1986), the court was confronted with removal of a state court complaint seeking unspecified punitive damages and demanding "judgment against the defendants in the [sic] amount to be fairly ascertained by the jury." *Id*. at 1415. The Steele court rejected plaintiff's belated argument that the amount in controversy was less than $50,000 [$75,000], recognizing in such cases that a court "may turn to the petition for removal to ascertain the amount in controversy." Id. at 1416. The Court's reasoning in Steele is equally applicable here:

> To allow [a plaintiff to avoid federal jurisdiction by claiming unspecified damages] would violate this court's notions of procedural fair play. A plaintiff **should not be**

**allowed to deprive a defendant of his right to remove through artful pleading practices...** (emphasis added).

The plaintiff should not be allowed to rob Underwriters of its right to remove by demanding such damages as may be "fairly ascertained by the jury." Permitting such practice allows the Plaintiff to "have his cake and eat it too." In other words, the Plaintiff effectively prevents federal jurisdiction by failing to demand a specific monetary figure, while making it possible for the jury to return a verdict well in excess of [the statutory amount.] Such an approach is simply unfair and will not be permitted by this court.

Id. at 1415-16.

Likewise, the United States District Court for the Northern District of Alabama reviewed the propriety of removal of an action which did not contain a specific *ad damnum* in the complaint. See Kilpatrick v. Evy Construction Co., Inc., 708 F.Supp. 1241 (N.D. Ala. 1989). The Court found that a complaint not seeking a sum specific would yield to allegations of jurisdictional limit in the Notice of Removal. Id. at 1242-43. See also Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996)(overruled on other grounds Cohen v. Office Depot, Inc., 204 F.3d 1069, 1074 (11th Cir 2000))[1]. Moreover, in Tapscott, the Eleventh Circuit held that when the Plaintiffs' demand is unspecified, like here, **a lower burden of proof to establish removal jurisdiction is warranted.** Id. at 1357 (emphasis added):

> Where, as here, there is an unspecified claim for damages, however, a removing defendant need not meet the strict "legal certainty" standard articulated above. Instead, a removing defendant need only show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement."

Lowe's OK'D Used Cars, Inc. v. Acceptance Ins. Co., 995 F.Supp. 1388 (M.D.Ala. 1998) (quoting Tapscott, 77 F.3d at 1357).

---

[1] In Cohen, the Eleventh Circuit Court of Appeals overruled that portion of Tapscott allowing the aggregation of punitive damages in a class action. The Cohen ruling did not affect that portion of Tapscott relating to the removing defendant's burden of proof as to unspecified damages.

Historically in Alabama, fraud based claims (The Alabama Supreme Court has held that the claim for bad faith refusal to pay which is being asserted in this case is a species of fraud. See Vincent v. Blue Cross-Blue Shield of Alabama, 373 So.2d 1054, (Ala. 1979); Dumas v. Southern Guaranty Insurance Company, 480 So.2d 86, (Ala. 1981); Jones v. Alfa Mut. Ins. Co., 875 So.2d 1189, 1193 (Ala. 2003)), where plaintiff has prevailed, have routinely resulted in verdicts exceeding the $75,000 jurisdictional requirement. Thus, this Court should take judicial notice that based on the nature of the claims asserted and the relief sought, the amount in controversy is satisfied. To aid the court in determining whether the requisite amount in controversy has been satisfied, "the court should look for guidance to decisions rendered in cases of the same type of suit." Boling v. Union Nat. Life Ins. Co., 900 F.Supp. 400, 404 (M.D.Ala. 1995), citing, Steel v. Underwriters Adjusting Co., Inc., 649 F.Supp. 1414 (M.D.Ala. 1986). A cursory review of several reported decisions involving jury awards in fraud cases substantiates taking judicial notice that the amount in controversy exceeds the jurisdictional requirement.[2] In addition to verdicts in fraud cases

---

[2] Life Ins. Co. of Ga. v. Johnson, 701 So.2d 524 (Ala. 1997)(verdict of $15 million in punitive damages involving medicare supplement policy which was later remitted by the Alabama Supreme Court to $12.5 million. On remand from the U.S. Supreme Court the verdict was further remitted to $3 million); Crowell v. Reserve National Ins. Co., 614 So.2d 1005 (Ala. 1993)($600,000 punitive damage award affirmed in case involving medicare supplement policy); Fuller v. Preferred Risk Life Ins. Co., 577 So.2d 878 (Ala. 1991)(punitive damage award of $1 million affirmed in case involving health and hospitalization policy); Pacific Mut. Life Ins. Co. v. Haslip, 553 So.2d 537 (Ala. 1989)(punitive damage award of $1 million affirmed against group health insurer); HealthAmerica v. Menton, 551 So.2d 235 (Ala. 1989)($1.8 million punitive damage award affirmed against HMO). See also, Foremost Insurance Company v. Parham, 693 So.2d 409 (Ala. 1997) (This was a case brought by two separate Plaintiffs concerning whether they had been provided coverage for "other structures" under their homeowners policy. Initially, each plaintiff received a punitive damage award of $7,500,000.00 based on alleged misrepresentations and/or suppressions. The trial court subsequently reduced these two punitive damage verdicts to $3,250.000.00 each, based on economic damages of $1,868.30 and $1,429.43 respectively. On appeal, the Supreme Court reduced the punitive damage awards to $175,000.00 and $173,000.00 respectively. Even after significant remittitur, the jury award in this fraud case far exceeds the jurisdictional requirement); First Commercial Bank v. Spivey, 694 So.2d 1316 (Ala. 1997)(This is another fraud case concerning a bank's alleged fraudulent dispersal of a construction loan proceeds to creditors of the borrower. A jury verdict was returned of $500.000.00 in compensatory damages, principally comprised of mental anguish, and $500,000.00 in punitive damages based on alleged misrepresentations and suppressions. This verdict was upheld by the Alabama Supreme Court); Hillcrest Center, Inc. v. Rone, 711 So.2d 901 (Ala. 1997) (Based on claims of misrepresentation with regard to the adequacy of parking, a jury awarded $47,000.00 in compensatory damages and an additional $200,000.00 in punitive damages. The trial court subsequently reduced the punitive damage award to $130,000.00. On appeal, after noting that the reduced punitive damages still constituted approximately 60% of the net worth of the defendant, the Court further

substantially exceeding the amount in controversy, verdicts in excess of $75,000 have also been awarded on claims for bad faith, some of which also specifically included compensatory damages for mental anguish as sought in this case.[3]

---

reduced the award to $94,000.00); Union Security v. Crocker, 709 So.2d 1118 (Ala. 1997) (This fraud action concerns misrepresentations which could have resulted in void insurance coverage. The jury awarded $5,000,000.00 in punitive damages based on these misrepresentations and fraud claims. The trial court reduced the verdict to $2,000,000.00. This award was affirmed by the Alabama Supreme Court but later remanded for consideration in light of the BMW v. Gore case by the United States Supreme Court. On remand, the Alabama Supreme Court reduced the verdict to $1,000,000.00); Life Insurance Company of Georgia v. Johnson, 701 So.2d 524 (Ala. 1997). (This fraud action concerned misrepresentations and suppressions involving the sale of medicare supplement policy to a medicaid recipient. In other words, the alleged sale of a policy which had no value to the plaintiff. The jury returned a verdict of $250,000.00 in compensatory damages (again principally mental anguish) and $15,000,000.00 in punitive damages, which the trial court remitted to $12,500,000.00. The Alabama Supreme Court further remitted the punitive damage award to $5,000,000.00. On remand from the United States Supreme Court, the punitive damages was further reduced to $3,000,000.0). Life Insurance Company of Georgia v. Parker, 726 So.2d 618 (Ala. 1998) (Here, an insured sued the insurer for fraud in connection with the replacement of various policies with a new graded death benefit policy. The jury awarded $4,276.00 in compensatory damages and $200,000.00 in punitive damages. This punitive damages award was reduced to $150,000.00); Liberty National Life Insurance Company v. White, 1999 WL378495 (Ala. Civ. App. June 11, 1999) (In this case, the insured brought a misrepresentation and suppression claim against the insurance company based on misrepresentations made at the time of the sale of the subject life insurance policy. The jury returned a verdict for $1,350.00 in compensatory damages and $200,000.00 in punitive damages. The trial court remitted the punitive damages to $150,000.00 and the Alabama Court of Civil Appeals affirmed the trial court). In each of the above instances with similar fraud or suppression claims, the verdicts were well in excess of the jurisdictional requirement, even after remittur.

[3] National Ins. Ass'n v. Sockwell, 829 So.2d 111 (Ala. 2002)(This was a case involving a dispute over payment of underinsured motorist benefits under an automobile liability policy. A $600,000 punitive damage verdict for the plaintiff's bad faith claim was upheld, in addition to $201,000 compensatory damages based largely on mental anguish with some lesser degree of physical suffering. There were apparently no out-of-pocket compensatory damages at all); Acceptance Ins. Co. v. Brown, 832 So.2d 1 (Ala. 2001)(In this case, the insured store owner plaintiffs brought a bad faith claim against the insurer for breach of the duty to defend and indemnify a suit brought by an apparent burglar. A $1.2 million punitive damage verdict for the bad faith claim was reduced by the trial court to $300,000. On appeal, the Alabama Supreme Court further reduced the award to $180,000, still well in excess of the federal jurisdictional requirement. The Court also allowed compensatory damages, based approximately half on mental anguish and half on legal fees, of $21,000); Loyal American Life Ins. Co., Inc. v. Mattiace, 679 So.2d 229 (Ala. 1996)(A $75,000 punitive damage verdict for a bad faith claim was upheld, along with a $25,000 award based entirely on emotional distress, in this case involving a life insurance coverage dispute); Affiliated FM Ins. Co. v. Stephens Enterprises, 641 So.2d 780 (Ala. 1994)(A $250,000 punitive damage verdict for a bad faith claim was held not excessive in this case, brought by an insured property owner, regarding the refusal of the insurer to pay for property damage); Principal Financial Group v. Thomas, 585 So.2d 816 (Ala. 1991)(In this case, a covered participant in a group life insurance plan brought an action for the death of her child. A $750,000 punitive damage verdict for the plaintiff's bad faith claim was upheld even though the amount of life insurance at issue was only $1000); Standard Plan, Inc. v. Tucker, 582 So.2d 1024 (Ala. 1991)(A $500,000 punitive damage verdict for a bad faith claim was upheld in this case involving the insurer's refusal to pay for a car accident under the subject automobile liability policy); United Services Automobile Association v. Wade, 544 So.2d 906 (Ala. 1989)(allowing punitive damage award of $2.5 million for bad faith claim in case involving insurer's refusal to pay for home fire, where insurer accused insured homeowners of arson); United American Ins. Co. v. Brumley,

In addition, federal courts have routinely taken judicial notice of the large punitive damages verdicts in Alabama and sustained removal over a plaintiff's argument that the amount in controversy is insufficient. See e.g., Dennis v. CSX Transportation, Inc., CV 92-A-670-N (M.D. Ala. July 2, 1992); Jones v. Ford Motor Credit Co., CV 92-A-1099 N (M.D. Ala. Nov. 19, 1992); Steele v. Underwriters Adjusting Co., 649 F. Supp. 1414 (M.D. Ala. 1986). In Boling v. Union Nat'l Life Ins. Co., 900 F. Supp. 400, 405 (M.D. Ala. 1995), Judge Albritton summed up the situation:

> It is clear that in Alabama, when a plaintiff seeks recovery for fraud against an insurance company and asks for punitive damages, the recovery, if plaintiff prevails, may very well exceed $50,000. [$75,000.00].

Moreover, in Jones v. Ford Motor Co., CV 92-A-1900-N, decided November 19, 1992, the Court took judicial notice of the large punitive damage awards so common to Alabama practice:

> The court is entitled to take judicial notice of jury awards in state court from which this action was removed. Defendant correctly notes a recent case in Lowndes County whereby a plaintiff was awarded in excess of $6 million in punitive damages and $150,000 in compensatory damages for a claim involving fraud by a lender. Union Mortgage Co. v. Barlow, 595 So.2d 1335 (Ala. 1992). Defendant further cites several other Alabama cases involving fraud charges, whose jury verdicts greatly exceed $50,000 [$75,000].

Given the foregoing, Plaintiff's claims clearly exceed the threshold requirement of $75,000.

The fact that Plaintiff's claims, as alleged, exceed the $75,000.00 jurisdictional minimum is even more compelling when the aggregation of Plaintiff's claims is considered. As stated, the Complaint in this case sets forth two separate causes of action against defendant. Count One seeks damages for the charges and expenses of Neulasta and mental anguish and emotional

---

542 So.2d 1231 (Ala. 1989)($1 million punitive damage award for bad faith claim upheld in case brought by insured against his Medicare supplement insurer); Aetna Life Ins. Co. v. Lavoie, 505 So.2d 1050 (Ala. 1987)(allowing punitive damage award of $500,000 for bad faith claim in case of insurer's refusal to pay for medical treatment of insured); Nationwide Mutual Ins. Co. v. Clay, 525 So.2d 1339 (Ala. 1987)(In this case, the insured brought an action against a disability income insurer for bad faith denial of coverage. The Alabama Supreme Court upheld a punitive damage verdict of $1.25 million for the bad faith claim); Gulf Atlantic Life Ins. Co. v. Barnes, 405 So.2d 916 (Ala. 1981)(allowing punitive damage award of $100,000 on bad faith claim arising from an insurer's refusal to pay benefits under a children's rider benefit in a life policy).

distress in the amount of "all sums she may be entitled to under the pleadings and proof contained herein". Count Two seeks damages for the charges and expenses of Neulasta and mental anguish and emotional distress and punitive damages for bad faith in the amount of "all sums she may be entitled to under the pleadings and proof contained herein, including compensatory and punitive damages". *See* Complaint, attached hereto as Exhibit "A".

It is well-settled that the Court must look to state law in determining whether the amount in controversy in a diversity case exceeds the sum of $75,000.00. Under Alabama law, each count in a complaint is considered as a statement of a different cause of action wherein the plaintiff may recover the total of the various amounts asked in each count. *Nickelson v. Nestles Milk Products Corp.*, 107 F. 2d 17, 18 (5th Cir. 1939), *citing Bryant v. Southern Railway Co.*, 137 Ala. 488, 34 So. 562 (1903). Additionally, it is equally well-settled that a defendant may remove an action to federal court when the total value of the claims asserted against it by a single plaintiff exceeds the amount in controversy requirement. *Nichelson*, 107 F. 2d at 18; *Bley v. Travelers Ins. Co.*, 27 F. Supp. 351 (S.D.Ala. 1939) (holding removal was proper where aggregate amount of damages exceeded the jurisdictional amount); Wright, Miller & Cooper, 14C Federal Practice & Procedure §3725 at 13-4 (3d Ed. 1996); 12 MOORE'S FEDERAL PRACTICE §107-14[g] (3d Ed. 1999). As previously discussed, Alabama precedent clearly indicates that Plaintiff's bad faith claim alone meets this Court's jurisdictional requirements. In addition, Plaintiff's compensatory damage claim for mental anguish and emotional distress also meets this Court's jurisdictional requirements. See footnote 3. Thus, when aggregated, the fact that Plaintiff's claims exceed the $75,000 jurisdictional minimum is even more compelling.

Should there be any question about the amount of Plaintiff's *ad damnum*, contemporaneously with the filing of this Notice of Removal, Defendant has filed its Motion for Leave to Conduct Limited Discovery to serve Plaintiff requests for admissions to establish to a

certainty the amount of Plaintiff's damages claim.

### D. ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED.

Life Investors has filed no pleadings or papers in response to Plaintiffs' Complaint, and the time to which Life Investors is required by state law or rules of court to answer or plead to said Complaint has not expired. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Randolph County, Alabama.

As set forth above, diversity of citizenship exists between the parties to the Complaint and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, as amended, this case is removed to this Honorable Court.

/s/ Charles D. Stewart
Charles D. Stewart
Attorney for Life Investors Insurance
Company of America

**OF COUNSEL:**

SPAIN & GILLON, L.L.C.
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203
Ph:   (205) 328-4100
Fax:  (205) 324-8866

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon all counsel of record by:

(__) hand delivery;
(__) facsimile transmission;
(__) express mail;
(✓) U.S. mail, first class; or
(__) other

and addressed as follows on **June 26, 2006**:

Chad Lee
P.O. Box 966
Wedowee, Alabama 36278

_____
Of Counsel