IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTIE A. TURNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO: 3:06cv567 |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, | ) ) ) ) |
| Defendant. | ) |

## REQUESTS FOR ADMISSIONS AND INTERROGATORIES

Defendant Life Investors Insurance Company of America ("Life Investors) propounds the following Requests for Admissions and Interrogatories to be answered by the plaintiff within thirty (30) days:

### DEFINITIONS

a. "You" shall mean the plaintiff in this case, Christie A. Turner, her lawyers and anyone acting on her behalf.

b. Life Investors shall mean the defendant designated in the Complaint and any of its parent companies, subsidiaries, affiliates, representatives, employees and agents.

c. "Damages" shall mean compensatory damages, damages for mental anguish and emotional distress, and punitive or exemplary damages, exclusive of interest and costs, sought by you in this matter for any claim or cause of action made in the above lawsuit and/or arising out of the facts, transactions or occurrences made the basis of your complaint or from the defendant for whatever claim or reason.



EXHIBIT A

## REQUESTS FOR ADMISSIONS AND INTERROGATORIES

1. Admit that at the time you filed your Complaint in the above-styled lawsuit it was your intent never to seek or recover from the defendant any amount of damages in excess of $74,999.99, combined for all of the claims and causes of action set forth in your Complaint.

2. Admit that at the time you filed your Complaint in the above-styled lawsuit it was your intent never to seek or recover from the defendant any damages in excess of the combined amount of $74,999.99 for all of the claims and causes of actions set forth, or which could ever be set forth, in your Complaint.

3. Admit that you never intend to seek or recover from the defendant in this lawsuit any amount of damages in excess of the combined amount of $74,999.99 for any and all of the claims and causes of action made, or which could be made, in your Complaint filed in this matter.

4. Do you irrevocably agree to the entry of an order by the trial court that sets an irrevocable cap of no more than $74,999.99 upon the amount of damages that may be sought and recovered by you from the defendant in the above-styled lawsuit.

5. Do you irrevocably agree and consent to the entry of an order by the trial court which sets an irrevocable cap of $74,999.99 upon the amount of damages that a jury may award you and against the defendant in the above-styled lawsuit.

6. Admit that you will not, under any circumstances, accept a judgment rendered by a jury against the defendant in the above-styled lawsuit which is in excess of $74,999.99.

7. Admit that you will not, under any circumstances, seek a settlement in excess of $74,999.99 from the defendant in the above-styled lawsuit.

9. Admit that you unequivocally waive and disclaim any recovery above the total sum of $74,999.99 from the defendant in the above-styled lawsuit.

_____
Charles D. Stewart
Attorney for Life Investors Insurance
Company of America

**OF COUNSEL:**

**SPAIN & GILLON, L.L.C.**
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203
Ph:   (205) 328–4100
Fax:  (205) 324–8866

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon all counsel of record by:

( ) hand delivery;
( ) facsimile transmission;
( ) express mail;
(X) U.S. mail, first class; or
( ) other

and addressed as follows on **June 26, 2006**:

Chad Lee
P.O. Box 966
Wedowee, Alabama 36278

_____
Of Counsel