IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTIE A. TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO: 3:06-CV-567-B |
| | ) |
| LIFE INVESTORS INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Comes now the defendant, Life Investors Insurance Company of America (hereinafter "Life Investors"), and in answer to the Complaint sets forth and assigns the following defenses, separately and severally:

### FIRST DEFENSE

The complaint fails to state a claim against Life Investors upon which relief can be granted.

### SECOND DEFENSE

Life Investors avers that the allegations of bad faith in the complaint are not set forth with the particularity required by Rule 9(b), Ala. R. Civ. P.

### THIRD DEFENSE

Life Investors denies each and every material allegation of the complaint and demands strict proof thereof.

### FOURTH DEFENSE

Life Investors denies that it is guilty of any wrongful conduct giving rise to a cause of action in favor of the plaintiff and it denies that any wrongful conduct on its part proximately caused injuries as are alleged by the plaintiff.

### FIFTH DEFENSE

Life Investors pleads that it is not indebted to the plaintiff.

## SIXTH DEFENSE

Defendant denies that it has breached its contract of insurance, policy number 00E897864C, with Plaintiff and avers that all benefits due under the policy for claims which it has received have been paid.

## SEVENTH DEFENSE

Defendant avers that policy number 00E897864C contains the following provisions:

### CANCER POLICY

### BENEFITS PROVIDED FOR HOSPITALIZATION AND MEDICAL EXPENSES FOR TREATMENT OF CANCER

…

...We agree to insure you and other covered family members against loss resulting from hospital confinement and other specified expenses (as defined in Part 3, Schedule of Benefits for such Sickness) for the definitive treatment of cancer to the extent herein provided....

…

Part 3, Item G:

We will pay actual charges for the following services provided they are used for the purpose of modification or destruction of cancerous tissue, except for skin cancer; (1) teleradiotherapy using either natural or artificially propogated radition; (2) interstitial or intracavitary application of radium or radioisotopes in seal or non-sealed sources; (3) cancericidal chemical substances and their administration...

…

Part 4 - Exceptions and Limitations:

A.  This policy pays only for loss resulting from hospital confinement for definitive cancer treatment ... This policy does not cover any other disease or sickness or incapacity.

…

Defendant avers that Neulasta is not used for the purpose of modification or destruction of cancerous tissue nor is it a cancericidal chemical substance, and; consequently, it is not a drug which is covered under the policy.

### EIGHTH DEFENSE

Defendant avers that Neulasta is not used in the administration, i.e. the act or process of dispensing or giving, cancericidial chemical substances.

### NINTH DEFENSE

Defendant avers that the drug Neulasta is not a covered drug or substance under policy number 00E897864C.

### TENTH DEFENSE

Defendant avers that Neulasta is a drug used to prevent infection and it is not a drug used for the purpose of modification or destruction of cancerous tissue; it is not a cancericidial chemical substance; and it is not used in the act or process of dispensing or giving a cancericidial chemical substance to a patient and, consequently, is not a drug or substance covered under policy number 00E897864C.

### ELEVENTH DEFENSE

Life Investors denies the material averments of Count Two of the Complaint and denies that it, at any time, has acted in bad faith.

### TWELFTH DEFENSE

Life Investors denies that it is guilty of any conduct in any manner whatsoever which constitutes bad faith.

### THIRTEENTH DEFENSE

Life Investors denies that it has denied any claim of the plaintiff in bad faith.

### FOURTEENTH DEFENSE

Life Investors denies that it ever intentionally or recklessly failed to investigate any claim(s) made by the plaintiff.

### FIFTEENTH DEFENSE

Life Investors denies that it has ever intentionally or recklessly failed to subject any claim(s) made by the plaintiff to a cognitive evaluation or review.

### SIXTEENTH DEFENSE

Life Investors denies the material averments of Counts One and Two of the complaint and denies that it has breached any contract or agreement of insurance between it and the plaintiff and denies that it has denied any claim(s) of the plaintiff in bad faith.

### SEVENTEENTH DEFENSE

Life Investors avers that damages for mental anguish, emotional distress and any other form of compensatory damages, except contract benefits and legal interest accumulated thereon, are not recoverable for breach of an insurance contract under Alabama law.

### EIGHTEENTH DEFENSE

An award of punitive or exemplary damages against Life Investors would violate certain provisions of the Constitution of the United States, including, but not limited to, the following: Article I, Section 8 of the United States Constitution and the Fourth, Fifth, Sixth and Fourteenth Amendments to that Constitution.

### NINETEENTH DEFENSE

Defendant denies that it has been guilty of any conduct which entitles plaintiff to recover punitive damages.

### TWENTIETH DEFENSE

Defendant avers that the Complaint fails to state a claim upon which punitive damages may

be awarded to plaintiff.

### TWENTY-FIRST DEFENSE

Defendant avers that any award of punitive damages to plaintiff in this cause would be violative of the constitutional safeguards provided to the defendant under the Constitution of the State of Alabama and the Constitution of the United States.

### TWENTY-SECOND DEFENSE

Defendant avers that any award of punitive damages to plaintiff in this case will be violative of the constitutional safeguards provided to the defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTY-THIRD DEFENSE

Defendant avers that any award of punitive damages to plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTY-FOURTH DEFENSE

Defendant avers that any award of punitive damages to plaintiff in this case will be violative of the procedural safeguards provided to the defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### TWENTY-FIFTH DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against the defendant punitive damages, which are penal in nature, yet compel the defendant to disclose potentially incriminating documents and evidence.

## TWENTY-SIXTH DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against the defendant punitive damages, which are penal in nature, yet compel the defendant to disclose potentially incriminating documents and evidence.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon defendant's rights under the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

(a) It is a violation of the due process clause to impose punitive damages, which

are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of the punitive damages in this case would constitute a deprivation of property without due process of law.

## TWENTY-NINTH DEFENSE

The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTIETH DEFENSE

Defendant avers that under the facts of this case, any actions for which it is charged are not sufficiently reprehensible to justify significant sanctions in addition to compensatory damages.

## THIRTY-FIRST DEFENSE

Defendant avers that § 6-11-20(a), Ala. Code is unconstitutional in that this statutory provision provides no standards to distinguish between the degree of conduct warranting the imposition of small punitive damage awards versus conduct warranting the imposition of larger punitive damage awards. BMW v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) 1996 WL 262429 (May 20, 1996).

## THIRTY-SECOND DEFENSE

Defendant avers that the lack of standards under Alabama law for the award of punitive damages violates the United States Constitution because under Alabama law no guidance is

provided to a jury to determine what constitutes a reasonable relationship between the harm suffered and the amount of punitive damages which may be awarded. Moreover, Alabama law fails to provide any legal standards to safeguard an individual's or entity's constitutional rights and to prevent the unjust or arbitrary imposition of punitive damages by reasonably and rationally constraining the unlimited, unbridled discretion of the jury to consider and award punitive damages. BMW v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) 1996 WL 262429 (May 20, 1996).

### THIRTY-THIRD DEFENSE

Defendant avers that the imposition of punitive damages under current Alabama law violates the United States Constitution and the Constitution of the State of Alabama because there are no legislative enactments or common law limitations to provide constraining legal standards to guide juries in their deliberations with regard to the award of punitive damages.

### THIRTY-FOURTH DEFENSE

Defendant affirmatively pleads the protections afforded it pursuant to §6-11-21, Ala. Code.

### THIRTY-FIFTH DEFENSE

Defendant avers that the complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30, Ala. Code and is barred. Furthermore, defendant avers that any award of punitive damages against this defendant in excess of the statutory minimum originally set forth in § 6-11-21, Ala. Code and/or as now amended and set forth pursuant to Act No. 99-358 (1999 Regular Session) is barred.

### THIRTY-SIXTH DEFENSE

The claims of plaintiff for punitive damages against this defendant cannot be upheld to the extent such is in violation of or contrary to any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages or the amount of such damages.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article 1, § 9 of the United States Constitution.

## THIRTY-EIGHTH DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to § 6-11-20, Ala. Code.

Defendant reserves the right to amend its Answer to assert additional defenses and affirmative defenses.

/s/ *Charles D. Stewart*
Charles D. Stewart (ASB 0303-S-77E)
Attorney for Defendant
Life Investors Insurance
Company of America
SPAIN & GILLON, L.L.C.
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203
Ph:    (205) 328–4100
Fax:   (205) 324–8866
email: cds@spain-gillon.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on **June 30, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

chadleelawyer@yahoo.com

chadleelawyer@aol.com


      /s/ Charles D. Stewart
      OF COUNSEL